IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ERIC DAVIS,   #304804, | ) Civil Action No. 3:12-593-MGL-JRM |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| VICTORIA CLAYTON; AMY SMITH; AND ROMAN MCFADDEN, | ) |
| Defendants. | ) |

Plaintiff filed this action pro se on March 7, 2012.[1] He is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections. Plaintiff appears to be alleging claims concerning his medical care. Defendants filed an answer on September 7, 2012. On November 16, 2012, Plaintiff filed a motion to voluntarily dismiss his case. He claims that he cannot continue his case as his "evidence" is missing because correctional officers took property out of his cell.[2] Plaintiff

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(d) DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

[2] Plaintiff appears to assert that the correctional officers' actions constitute retaliation, but did not allege such in his Complaint and has not amended his Complaint to include these allegations. Further, Plaintiff has not identified the correctional officers in question and there is no indication that the Defendants in this action were the persons who allegedly took his materials. Additionally, bare assertions of retaliation do not establish a claim of constitutional dimensions. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

also requests that dismissal of this action not count as a "strike."[3] See Doc. 27. In their response filed January 18, 2013, Defendants state they consent to Plaintiff's motion for a voluntary dismissal. See Doc. 33.

Plaintiff filed his motion after Defendants filed their answer, such that he fails to meet the requirements to dismiss this action without a court order. See Fed. R. Civ. P. 41(a)(1). Under Rule 41(a)(2), a district court may dismiss an action "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." Id. "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2).

It is recommended that Plaintiff's case be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Plaintiff has indicated he seeks to dismiss his case, and Defendants have consented to such.

---

[3] The Prison Litigation Reform Act ("PLRA") allows the court to dismiss a prisoner's action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury," 28 U.S.C. § 1915(g). This subsection is known as the "three-strikes" provision of the PLRA. See Tolbert v. Stevenson, 635 F.3d 646, 648–50 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 406–07 (4th Cir. 2006); Altizer v. Deeds, 191 F.3d 540, 544 (4th Cir. 1999).

**CONCLUSION**

Based upon review of the record, it is recommended that Plaintiff's motion for a voluntary dismissal (Doc. 27) be **granted**, and that such **dismissal be without prejudice**. It is further recommended that this case not be deemed a strike.[4]

Joseph R. McCrorey
United States Magistrate Judge

January 23, 2013
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[4] As a dismissal here would not turn on an explicit determination that Plaintiff's entire action failed to state a claim or was otherwise frivolous or malicious, it should not be counted as a strike pursuant to 28 U.S.C. § 1915(g). See Tolbert v. Stevenson, 635 F.3d at 651, 654.

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).